UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

T. KING CONNALLY-BEY as next friend to
DUJUAN SOTO,

                Petitioner,

-against-

JOE CAPUTO,

                Respondent.

22-CV-2966 (LTS)

ORDER OF DISMISSAL

LAURA TAYLOR SWAIN, Chief United States District Judge:

T. King Connally-Bey brings this *pro se* "Amendment [sic] Petition For A Writ of Habeas Corpus Under 28 U.S.C. § 2241," presumably as next friend to "Dejuan Soto."[1] The Court denies the petition without prejudice for the reasons set forth below.

## STANDARD OF REVIEW

The Court may entertain a petition for a writ of *habeas corpus* from a person in custody challenging the legality of his detention on the ground that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). The Court has the authority to review the petition and "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled [to such relief]." 28 U.S.C. § 2243. The Court is obliged, however, to construe *pro se* pleadings liberally and interpret them "to raise the strongest

---

[1] T. King Connally-Bey originally filed the petition on April 8, 2022, and on April 11, 2022, he paid the $5.00 filing fee and filed an amended petition. On all submissions, T. King Connally-Bey purports to bring the petition on behalf of "Dejuan Soto." The records of the New York City Department of Correction, however, reflect that the intended beneficiary's name is Dujuan Soto. *See* https://a073-ils-web.nyc.gov/inmatelookup/pages/home/home.jsf. The Court will refer to the intended beneficiary as Dujuan Soto throughout this order.

arguments they *suggest*." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted); *see Green v. United States*, 260 F.3d 78, 83 (2d Cir. 2001). Nevertheless, a *pro se* litigant is not exempt "from compliance with relevant rules of procedural and substantive law." *Triestman*, 470 F.3d at 477 (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)).

## BACKGROUND AND DISCUSSION

T. King Connally-Bey brings this petition, purportedly as "next friend" to Dujuan Soto. It is unclear, however, what relationship, if any, Mr. Connally-Bey has with Dujuan Soto. Mr. Connally-Bey seeks the immediate release of Dujuan Soto, asserting that the bail set is excessive, and that Dujuan Soto's ongoing detention presents a risk to his health because of the current pandemic.

Before the Court may consider the petition, the Court must first determine whether Mr. Connally-Bey has standing to bring this action as next friend to Dujuan Soto. A petition for a writ of *habeas corpus* may be brought either "by the person for whose relief it is intended or by someone acting in his [or her] behalf." 28 U.S.C. § 2242. When the petition is brought by a person other than the one seeking relief, the "next friend" must demonstrate that he or she has standing to act on the person's behalf. "First a 'next friend' must provide an adequate explanation − such as inaccessibility, mental incompetence, or other disability − why the real party in interest cannot appear on his own behalf to prosecute the action. Second, the 'next friend' must be truly dedicated to the best interests of the person on whose behalf he [or she] seeks to litigate, and it has been further suggested that a 'next friend' must have some significant relationship with the real party in interest." *Whitmore v. Arkansas*, 495 U.S. 149, 163-64 (1990) (citations omitted). "The burden is on the 'next friend' to establish the propriety of his status and thereby justify the jurisdiction of the court." *Id.* at 164.

Even if this Court assumes that Mr. Connally-Bey seeks to act in Dujuan Soto's best interest, Mr. Connally-Bey has not demonstrated sufficiently that he has standing to sue on Mr. Soto's behalf because, among other things, he has not alleged facts establishing that he has a "significant relationship" with Soto. Nor has Mr. Connally-Bey satisfied his burden of establishing that Dujuan Soto is unable to assert his own rights.

Because the submissions do not set forth any reason or explanation of the necessity of resorting to the "next friend" device, Mr. Connally-Bey does not have standing to bring this petition on behalf of Dujuan Soto. *See Ross ex rel. Dunham v. Lantz*, 408 F.3d 121, 123 (2d Cir. 2005); *Nelson v. Hynes*, 2013 WL 182793, at *3 (E.D.N.Y. Jan. 17, 2013); *Wang v. City of New York*, 2009 WL 705966, at *1 (E.D.N.Y. Mar. 16, 2009). The Court therefore denies the petition without prejudice to any petition Dujuan Soto may seek to file.

District courts generally grant a *pro se* petitioner an opportunity to amend a petition to cure its defects but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because Mr. Connally-Bey's original and amended petitions do not indicate that he has a significant relationship with Dujuan Soto and do not establish that Mr. Soto is unable to assert his own rights, the Court concludes that a further attempt at amendment would be futile and declines to grant Mr. Connally-Bey another opportunity to amend.[2]

---

[2] The Court notes that, in Mr. Connally-Bey's submissions, he repeatedly spells Mr. Soto's first name incorrectly, and he also provides an incorrect address for Mr. Soto. These facts appear to support an inference that Mr. Connally-Bey does not have a significant relationship with Mr. Soto.

## CONCLUSION

The amended petition is denied without prejudice to any petition Dujuan Soto may seek to file. The Clerk of Court is directed to terminate all pending matters.

Because the petition makes no substantial showing of a denial of a constitutional right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is unable to make a copy of this order to Mr. T. King Connally-Bey because he failed to provide an address to the court.

SO ORDERED.

Dated:  April 18, 2022
        New York, New York

                              /s/ Laura Taylor Swain
                              LAURA TAYLOR SWAIN
                              Chief United States District Judge