UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

T. KING CONNALLY-BEY as next friend to
DUJUAN SOTO,

                Petitioner,

        -against-

JOE CAPUTO,

                Respondent.

22-CV-2966 (LTS)

ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

        T. King Connally-Bey brought this *pro se* petition, presumably as next friend to "Dejuan Soto."[1] By order dated April 18, 2022, because Mr. Connally-Bey's submissions did not indicate that he had a significant relationship with Dujuan Soto and did not establish that Mr. Soto was unable to assert his own rights, the Court denied the petition without prejudice to any petition Dujuan Soto may seek to file. (ECF No. 4.) On April 28, 2022, T. King Connally-Bey filed a letter asserting that access to the New York State courts is being "systematically and institutionally denied to *'the people.'*" (ECF No. 6 at 2) (emphasis in original). He seeks to have this Court construe his letter "as a necessary amendment to secure the issuance of a show cause order" in the state-court case. (*Id.*)

        The Court liberally construes this submission as a motion under Fed. R. Civ. P. 59(e) to alter or amend judgment and a motion under Local Civil Rule 6.3 for reconsideration, and, in the

---

[1] T. King Connally-Bey originally filed the petition on April 8, 2022, and on April 11, 2022, he paid the $5.00 filing fee and filed an amended petition. On all submissions, T. King Connally-Bey purports to bring the petition on behalf of "Dejuan Soto." The records of the New York City Department of Correction, however, reflect that the intended beneficiary's name is Dujuan Soto. *See* https://a073-ils-web.nyc.gov/inmatelookup/pages/home/home.jsf. The Court will refer to the intended beneficiary as Dujuan Soto throughout this order.

alternative, as a motion under Fed. R. Civ. P. 60(b) for relief from a judgment or order. *See Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006); *see also Tracy v. Freshwater*, 623 F.3d 90, 101 (2d Cir. 2010) (The solicitude afforded to *pro se* litigants takes a variety of forms, including liberal construction of papers, "relaxation of the limitations on the amendment of pleadings," leniency in the enforcement of other procedural rules, and "deliberate, continuing efforts to ensure that a *pro se* litigant understands what is required of him") (citations omitted). After reviewing the arguments in T. King Connally-Bey's submission, the Court denies the motion.

## DISCUSSION

The standards governing Fed. R. Civ. P. 59(e) and Local Civil Rule 6.3 are the same. *R.F.M.A.S., Inc. v. Mimi So*, 640 F. Supp. 2d 506, 509 (S.D.N.Y. 2009). The movant must demonstrate that the Court overlooked "controlling law or factual matters" that had been previously put before it. *Id.* at 509 (discussion in the context of both Local Civil Rule 6.3 and Fed. R. Civ. P. 59(e)); *see Padilla v. Maersk Line, Ltd.*, 636 F. Supp. 2d 256, 258-59 (S.D.N.Y. 2009). "Such motions must be narrowly construed and strictly applied in order to discourage litigants from making repetitive arguments on issues that have been thoroughly considered by the court." *Range Road Music, Inc. v. Music Sales Corp.*, 90 F. Supp. 2d 390, 391-92 (S.D.N.Y. 2000); *see also SimplexGrinnell LP v. Integrated Sys. & Power, Inc.*, 642 F. Supp. 2d 206 (S.D.N.Y. 2009) ("A motion for reconsideration is not an invitation to parties to 'treat the court's initial decision as the opening of a dialogue in which that party may then use such a motion to advance new theories or adduce new evidence in response to the court's ruling.'") (internal quotation and citations omitted).

T. King Connally-Bey has failed to demonstrate in his motion that the Court overlooked any controlling decisions or factual matters with respect to the dismissed action. T. King Connally-Bey's motion under Fed. R. Civ. P. 59(e) and Local Civil Rule 6.3 is therefore denied.

Under Fed. R. Civ. P. 60(b), a party may seek relief from a district court's order or judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or other misconduct of an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason justifying relief.

Fed. R. Civ. P. 60(b).

To the extent that T. King Connally-Bey seeks to have this court intervene in state-court proceedings, the Court is unable to grant him the relief he seeks. The Anti-Injunction Act provides that, "[a] court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. 2283. "[A]ny injunction against state court proceedings otherwise proper . . . must be based on one of the specific statutory exceptions [in the Act] if it is to be upheld." *Atl. Coast Line R.R. Co. v. Bhd. of Locomotive Eng'rs*, 398 U.S. 281, 287 (1970). State-court proceedings "should normally be allowed to continue unimpaired by intervention of the lower federal courts, with relief from error, if any, through the state appellate courts and ultimately [the United States Supreme Court]." *Id.* The Act "is an absolute prohibition against any injunction of any state-court proceedings, unless the injunction falls within one of the three specifically defined exceptions in the Act."[2] *Vendo Co. v.*

---

[2] As defined in the Act, the injunction to stay proceedings in a state court must (1) be

*Lektro-Vend Corp.*, 433 U.S. 623, 630 (1977).

In his motion, T. King Connally-Bey has alleged nothing to suggest that one of the exceptions to the Act's prohibition against federal-court intervention into state-court proceedings apply or allows that relief.

The Court has considered T. King Connally-Bey's arguments, and even under a liberal interpretation of his motion, he has failed to demonstrate that any of the grounds listed in the first five clauses of Fed. R. Civ. P. 60(b) apply. Therefore, the motion under any of these clauses is denied.

To the extent that T. King Connally-Bey seeks relief under Fed. R. Civ. P. 60(b)(6), the motion is also denied. "[A] Rule 60(b)(6) motion must be based upon some reason other than those stated in clauses (1)-(5)." *United Airlines, Inc. v. Brien*, 588 F.3d 158, 175 (2d Cir. 2009) (quoting *Smith v. Sec'y of HHS*, 776 F.2d 1330, 1333 (6th Cir. 1985)). A party moving under Rule 60(b)(6) cannot circumvent the one-year limitation applicable to claims under clauses (1)-(3) by invoking the residual clause (6) of Rule 60(b). *Id.* A Rule 60(b)(6) motion must show both that the motion was filed within a "reasonable time" and that "'extraordinary circumstances' [exist] to warrant relief." *Old Republic Ins. Co. v. Pac. Fin. Servs. of America, Inc.*, 301 F.3d 54, 59 (2d Cir. 2002) (*per curiam*) (citation omitted). T. King Connally-Bey has failed to demonstrate that extraordinary circumstances exist to warrant relief under Fed. R. Civ. P. 60(b)(6). *See Ackermann v. United States*, 340 U.S. 193, 199-202 (1950).

## CONCLUSION

Accordingly, T. King Connally-Bey's motion for reconsideration (ECF No. 6) is denied.

---

expressly authorized by Act of Congress; (2) be necessary in aid of its jurisdiction; or (3) protect or effectuate its judgments. *See* 28 U.S.C. § 2283.

The case that T. King Connally-Bey sought to bring in this court, presumably as next friend to Dujuan Soto under Docket No. 22-CV-2966 (LTS) is closed. The Court will only accept for filing documents that are directed to the United States Court of Appeals for the Second Circuit. If T. King Connally-Bey files other documents that are frivolous or meritless, the Court will direct him to show cause why he should not be barred from filing further documents in this action.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:   May 13, 2022
         New York, New York

                                                       /s/ Laura Taylor Swain
                                                       LAURA TAYLOR SWAIN
                                                       Chief United States District Judge